IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL H. KILGORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00794-DGK |
| | ) | |
| RONDA J. PASH, Warden, Crossroads | ) | |
| Correctional Center, and | ) | |
| CHRIS KOSTER, Missouri Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING HABEAS PETITION

This case arises from Petitioner Daniel Kilgore's guilty plea to two counts of first-degree child molestation in Missouri state court. The court sentenced Petitioner to twenty-four years' imprisonment with the possibility of release on probation after 120 days. The court later determined Petitioner should not be released on probation.

Now before the Court is Petitioner's Amended Petition for a Writ of Habeas Corpus (Doc. 2) brought under 28 U.S.C. § 2254. Petitioner raises four claims of ineffective assistance of counsel and violations of due process. For the following reasons, his Petition is DENIED.

## BACKGROUND

On a petition for a writ of habeas corpus brought by a person in state custody, a federal court views the facts and evidence in the light most favorable to the state court's verdict. *Hendricks v. Lock*, 238 F.3d 985, 986 (8th Cir. 2001); *see also* 28 U.S.C. § 2254(e)(1) (2009). The evidence and procedural history of Petitioner's case is summarized as follows:

On April 14, 2011, Petitioner was charged in the Circuit Court of Clay County, Missouri, with three counts of first-degree child molestation for allegedly molesting three relatives who were less than fourteen years-old. On August 26, 2011, Petitioner entered into a plea agreement,

negotiated through retained counsel, in which he pled guilty to two counts in return for the State dismissing the third count. As part of the agreement, the parties jointly recommended to the court that Petitioner be sentenced to concurrent twelve-year sentences under Missouri Revised Statute § 559.115 (which would allow him to be released on probation after 120 days), with placement in Missouri's Sex Offender Assessment Unit ("SOAU"). The court, however, retained the option of imposing a different sentence, and if it did, Petitioner could not withdraw his guilty plea.

During the plea colloquy, Petitioner repeatedly acknowledged that under the agreement, the court could sentence him to any amount of time up to the statutory maximum of 30 years (if the sentences were run consecutively), and that the court might not place him on probation after 120 days.

On October 14, 2011, the court sentenced Petitioner to placement in the SOAU under §559.115, but imposed consecutive, not concurrent, twelve-year sentences.

On October 26, 2011, Petitioner entered prison. On or about January 25, 2012, the SOAU issued a report recommending the court not place Petitioner on probation. The report gave numerous reasons for its recommendation, including the fact that during the evaluation, Petitioner reportedly

> did not display guilt, empathy or remorse and felt justified in training the victims sexually. Mr. Kilgore teared up only when he realized he could be found out, thereby focusing on his own suffering. He realized he had a problem when VP [a victim] demanded oral sex and threatened to tell his wife if he refused. Mr. Kilgore placed VP in the role of an adult perpetrator when he stated, "I begged her not to tell, but I gave in to her demands."[1]

The report stated Petitioner also winked at one of the interviewers during the evaluation.

---

[1] To be clear, the report alleged Petitioner claimed that one of his victims—a child—had demanded oral sex from him.

After reading the report, the trial court denied probation on January 26, 2012. Plea counsel then filed a motion for reconsideration and requested a hearing. On February 17, 2002 (which was shortly before the court's jurisdiction to place Petitioner on probation under § 559.115 would expire), the court held a hearing on the motion to reconsider.

During this hearing, Petitioner was represented by a new attorney. This attorney had extensive experience with SOAU reports; she had worked as a probation and parole officer before attending law school and had drafted the same type of report. The court denied Petitioner's request for reconsideration on February 22, 2012.

Petitioner subsequently filed a state post-conviction motion alleging his attorney during the plea stage was ineffective for: (1) failing to properly investigate and advise Petitioner about the nature of the SOAU; (2) failing to timely request a hearing when the SOAU report did not indicate that he had failed to successfully complete a program, and by failing to present evidence at that hearing, specifically by not calling Petitioner's parents and staff members from the SOAU; and (3) allegedly advising Petitioner that despite the court's comments during the guilty plea, he would serve only 120 days in prison. Petitioner also argued (4) any sentence to the SOAU violates due process because successful completion of SOAU as provided for in § 559.115 creates a liberty interest in release on probation.

The state post-conviction motion court denied these claims. It also held the claims related to the reconsideration hearing on the report from the SOAU were outside the scope of a post-conviction motion. The state court of appeals affirmed the denial on April 7, 2015.

On October 14, 2015, Petitioner filed the pending Amended Petition (Doc. 2) for a writ of habeas corpus under 28 U.S.C. § 2254. On December 28, 2017, the case was reassigned to the undersigned judge.

## STANDARD OF REVIEW

Federal courts may not grant a writ of habeas corpus on any claim that was adjudicated on the merits in a state court proceeding unless adjudication of the claim,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2009).

A decision is contrary to clearly established Supreme Court law if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or . . . decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A decision unreasonably applies clearly established Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* This standard is objective, not subjective. *Id.* at 409. An unreasonable application of federal law is different from an incorrect application of federal law. *Id.* at 410.

As for the "decision based on an unreasonable determination of the facts" prong of the analysis, a factual issue made by a state court is presumed correct. 28 U.S.C. § 2254(e). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Id.*

## DISCUSSION

Petitioner raises four claims for relief, none of which establishes grounds for granting relief. The Court analyzes each claim in turn.

I. **The state court denying Petitioner probation was not a denial of due process.**

Petitioner first argues he was

> denied due process of law under U.S. Const. Amend. XIV in that he was directed to participate in a "program" [under subsection 3 of Rev. Stat. Mo. § 559.11] which does not exist, and the availability of probation was contingent on his completion of the "program." This denied his right to adequate notice of the consequences of his actions, and his right to due process of law before being deprived of liberty.

Am. Pet. at 11-12 (Doc. 2).

This claim does not establish grounds for relief because the state court of appeals' decision rejecting it was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established Federal law. Petitioner's claim rests on an incorrect legal assumption, namely, that the SOAU "program" he was sent to for 120 days was not a program under Missouri law. As the Missouri Court of Appeals explained:

> The gist of Kilgore's claim is that he was guaranteed a one hundred twenty day program that he could complete, but that the SOAU was not in fact a 'program' under section 559.115. However, our Supreme Court has already directly addressed this exact issue and found that the SOAU is in fact a program which falls within the terms of section 559.115. *State ex rel. Valentine v. Orr*, 366 S.W.3d 534 (Mo. banc 2012). While Kilgore admits in his Reply Brief that our Supreme Court has already decided that the SOAU is in fact a program, he continues to dispute its holding, stating that "*Valentine* was correctly decided, but SOAU is not a program." *See Valentine*, 366 S.W.3d at 540-41. We are, however, bound by the well-reasoned *Valentine* decision to hold that the SOAU is a "program" pursuant to the terms of this statute. *See State ex rel. Bank of Am. N.A. v. Kanatzar*, 413 S.W.3d 22, 27 n.4 (Mo. App. W.D. 2013) (citation omitted) (stating we are bound by the most recent controlling decision of the Supreme Court).
>
> Moreover, there is no liberty interest attached to placement in the SOAU; rather, Kilgore's liberty interest in the grant or denial of probation remains within the complete discretion of the court. § 559.115.3. In other words, even if Kilgore had successfully completed the assessment program, the probation decision is still discretionary and does not hinge upon whether he "passes" or "fails"

> the program. "The court shall follow the recommendation of the department unless the court determines that probation is not appropriate." *Id.* While the recommendation of the SOAU is considered by the court, it is not binding. *See, e.g., Valentine*, 366 S.W.3d at 541 (holding that under section 559.115.3, the circuit court has the authority to review the SOAU's recommendation of probation but may still order the execution of sentences). Further, a defendant "is not, as a matter of right, entitled to probation under the terms of section 559.115." *Brown v. State*, 67 S.W.3d 708, 711 (Mo. App. E.D. 2002). "Rather, the court has discretion to grant probation pursuant to the statute." *Id.* (citation omitted).

*Kilgore v. Missouri*, No. WD76937 at 9-10 (Mo. Ct. App. Dec. 23, 2014) (per curiam). Because this Court as a federal court defers to the Missouri state courts' rulings on the proper interpretation and application of state law, *Nunley v. Bowersox*, 784 F.3d 463, 471 (8th Cir. 2015), and Missouri's courts have held that the SOAU is a program under § 559.115 and that no liberty interest attaches with placement in it, Petitioner's first claim is denied.

## II. Counsel was not ineffective in advising Petitioner about the likelihood that he would receive probation.

Next, Petitioner argues he was denied due process of law and effective assistance of counsel when his attorney during the plea stage (allegedly) failed to advise him that because the SOAU program consisted of a single interview and that he would have no opportunity to demonstrate he was amenable to treatment during his 120 day incarceration, he was unlikely to be released on probation after 120 days. Petitioner contends that had he known this information, he would not have pled guilty. In so arguing, Petitioner seeks to extend the holding in *Padilla v. Kentucky*, 559 U.S. 356 (2010) (holding counsel was ineffective for failing to advise his client that a collateral consequence of pleading guilty would be deportation), to cases where defense counsel incorrectly advises a client about what his odds of receiving probation are.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). To establish prejudice, a movant must show that the outcome would have been different had counsel's performance not been deficient. If the movant cannot show a reasonable probability that the outcome would have been different, he cannot show prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Assuming for the sake of argument that counsel incorrectly advised Petitioner about his prospects of receiving probation,[2] this claim is still without merit. First, it is uncontroverted that before the trial court accepted Petitioner's guilty plea, Petitioner repeatedly acknowledged that under the agreement the judge could sentence him up to the statutory maximum of 30 years (if the sentences were run consecutively), and that he was not assured of receiving probation. Thus, the court imposed a sentence which was within the range of what everyone agrees he was advised of in open court that he could receive.

---

[2] What exactly counsel told Petitioner his chances of receiving probation were is in dispute. Counsel testified at the state evidentiary hearing that he told Petitioner that the SOAU assessment process was very subjective and that he would be at the mercy of the evaluators in determining whether he would be called back. Petitioner rejected this account; he claimed counsel gave him a more rosy—and inaccurate—estimate of his chances.

7
Case 4:15-cv-00794-DGK   Document 14   Filed 05/23/18   Page 7 of 10

Second, Petitioner seeks to extend *Padilla* to collateral consequences other than deportation, but a state court does not unreasonably apply federal law when it declines to extend a precedent to a new context. *White v. Woodall*, 134 S. Ct. 1697, 1705-07 (2014). So there is no unreasonable application of federal law here. In fact, the state court of appeals correctly applied the applicable federal law: The Eighth Circuit has rejected extending *Padilla* to collateral consequences other than deportation. *See Plunk v. Hobbs*, 766 F.3d 760, 769 (8th Cir. 2014) (declining to extend *Padilla* to require accurate advice about parole eligibility, noting that even if it extended *Padilla* this far, it would be a new rule of constitutional law inapplicable to cases on collateral review).

Third, Petitioner cannot demonstrate prejudice. That is, he cannot show that but for counsel's (allegedly) incorrect advice, he would not have pled guilty. Petitioner produced no evidence at the motion hearing suggesting he had given up a viable defense in exchange for his guilty plea. On the other hand, by entering the plea agreement, Petitioner received quite a lot: The State dismissed one of the three charges against him, reducing his maximum potential sentence from forty-five years to thirty years, and it recommended the court impose a twelve-year sentence with the possibility of probation. This was a good deal. Thus, the motion court reasonably rejected Petitioner's self-serving testimony that he would have gone to trial if his attorney had better explained to him how the SOAU program works and what his chances of receiving probation were.

For the above reasons, Petitioner's second claim is denied.

## III. Petitioner has procedurally defaulted his third claim.

Petitioner's third claim is that he was denied effective assistance of counsel when his initial attorney failed to object at sentencing to witness testimony concerning the dismissed third count. Because the parties agree Petitioner never presented this claim to the state court, the Court must

8

Case 4:15-cv-00794-DGK    Document 14    Filed 05/23/18    Page 8 of 10

first decide whether Petitioner procedurally defaulted this claim by failing to exhaust his state remedies first.

When an inmate has not properly exhausted state remedies on a claim and the time for doing so has expired, he has procedurally defaulted the claim. *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010). In order for a federal court to review a claim that should have been raised in state court by post-conviction motion counsel, a prisoner must demonstrate that post-conviction motion counsel was ineffective under the *Strickland* standard and that the underlying claim is a substantial one, that is, that the claim has some merit. *Martizez v. Ryan*, 566 U.S. 1, 13-17 (2012).

Petitioner cannot show that this claim has any merit. Missouri law presumes that in a judge-tried matter such as a sentencing hearing, the court was not influenced by any inadmissible testimony in reaching a judgment "unless it is clear from the record that the trial judge considered and relied upon the inadmissible evidence." *State v. Crites*, 400 S.W.3d 828, 834 (Mo. Ct. App. 2013) (internal quotations omitted). And it is clear enough that the trial judge did not rely on any inadmissible evidence here. Petitioner pleaded guilty to two counts of child molestation involving two victims. In explaining the departure from the parties' joint recommendation of imposing concurrent twelve-year sentences, the court indicated that there were *two* victims and that there should be consequences for each victim. There is no indication the court considered, much less relied upon, any inadmissible evidence in reaching its sentencing decision, nor is there a reasonable probability that had post-conviction counsel raised this claim in the state court habeas proceeding the state court would have granted relief. Accordingly, the Court holds Petitioner has procedurally defaulted this claim.

9

Case 4:15-cv-00794-DGK    Document 14    Filed 05/23/18    Page 9 of 10

**IV.     Petitioner has procedurally defaulted his fourth claim.**

Petitioner's fourth and final claim is that he was denied effective assistance of counsel during the hearing on his motion for reconsideration.  Among other things, Petitioner complains his attorney did not present him with the SOAU report so he could not identify the "substantial" inaccuracies in it.  Also, counsel should have presented evidence at the hearing from other prison staff who would have disagreed with the report.  Petitioner raised this claim in his state post-conviction motion, but did not include it in his state post-conviction appeal.

Where post-conviction counsel raises a claim in the initial round of state post-conviction proceedings, but does not include the claim in the state court appeal, the claim is defaulted and cannot be raised in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 752-57 (1999); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).  That is exactly what happened here, and so Petitioner's fourth claim is procedurally defaulted.

## Conclusion

For the reasons discussed above, Petitioner's Amended Petition for a Writ of Habeas Corpus (Doc. 2) brought under 28 U.S.C. § 2254 is DENIED.

**IT IS SO ORDERED.**

Date:   May 23, 2018                            /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT